IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MENDEL MENDELOVITS,<br>on behalf of plaintiff and a class,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALBANY BANK & TRUST COMPANY, N.A.,<br><br>　　　　　　Defendant. | FILED: JULY 8, 2008<br>08CV3870<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE NOLAN<br>TG |

## COMPLAINT – CLASS ACTION

1.Plaintiff, Mendel Mendelovits, brings this action to recover damages for improper credit practices engaged in by defendant Albany Bank & Trust Company, N.A.

## JURISDICTION AND VENUE

2.This Court has jurisdiction under 15 U.S.C. §1693m (Electronic Funds Transfer Act), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.Venue is proper in this district because defendant is located here and all events at issue occurred here.

## PARTIES

4.Plaintiff is a resident of New York.

5.Defendant is a bank with its principal offices at 3400 W. Lawrence Avenue, Chicago, IL 60625.

## FACTS

6.Defendant operates an automated teller machine (ATM) at 800 S. Michigan

1

Avenue, Chicago, Illinois.

7.  The ATM is located in a hotel.

8.  On June 22, 2008, plaintiff used the ATM.

9.  Plaintiff is not a regular customer of defendant.

10. The ATM is posted with a notice stating that the fee for use by a noncustomer of defendant is $2.

11. The machine charged plaintiff $3, not $2. A redacted copy of the receipt issued to plaintiff is attached as Exhibit A.

12. As of July 3, 2008, the notice on the ATM continued to misrepresent that the fee was $2.

13. Exhibit B is a picture of the notice taken on July 3, 2008.

## VIOLATIONS COMPLAINED OF

14. The Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E, 12 C.F.R. § 205.15, require an ATM operator such as defendant to provide "notice" to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such fee.

15. A notice or disclosure which is false is no "notice."

16. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## CLASS ALLEGATIONS

17. Plaintiff brings suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a)

and (b)(3).

18. The class consists of (a) all persons (b) who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action (c) were charged a fee in excess of $2 for use of defendant's ATM at 800 S. Michigan, Chicago, Illinois, (d) while the outside of the ATM was posted with a sign stating that the fee was $2.

19. The number of class members is so numerous that joinder is impracticable.

20. On information and belief, there are more than 50 persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action were charged a fee in excess of $2 for use of defendant's ATM at 800 S. Michigan, Chicago, Illinois, while the ATM was posted with a sign stating that the fee was $2.

21. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The common questions include:

    a. Whether defendant's ATM was posted with a fee of $2.

    b. Whether defendant's ATM charged in excess of $2.

    c. Whether defendant violated the EFTA.

22. Plaintiff's claims are typical of the claims of the class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class action and consumer credit litigation.

24. A class action is superior to other available methods for the full and efficient adjudication of the controversy. Individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        a.     Statutory damages;

        b.     Actual damages;

        c.     Attorneys' fees, litigation expenses and costs of suit; and

        d.     Such other relief as this Court deems proper.

_/s/ Daniel A. Edelman_
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_/s/ Daniel A. Edelman_
Daniel A. Edelman

T:\21677\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# Exhibit A

```
05/21/08 20:15█████

███████████████

800 MICHIGAN AVE

WD17 / WTOT OR.
RECORD NO              9945
WITHDRAWAL         $400.00
ALBANY BANK AND TRUST CO
  TERMINAL FEE       $3.00
TOTAL WITHDRAWAL  $403.00
FROM CHECKING
BALANCE          ████████
```

# Exhibit B



# FEE NOTICE

The owner of this terminal, Albany Bank & Trust Co., N.A., charges a fee to U.S. cardholders of $2.00 for withdrawing cash if the transaction is performed using a card that was not issued by Albany Bank & Trust Co., N.A. This charge is in addition to any fees that may be assessed by your financial institution. This additional charge will be added to the transaction amount and deducted from your account.