IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MENDEL MENDELOVITS, ) | | |
| on behalf of plaintiff and a class, ) | | |
| ) | Case No. 08-cv-3870 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Judge Kennelly | |
| ) | | |
| ALBANY BANK & TRUST ) | Magistrate Judge Nolan | |
| COMPANY, N.A., ) | | |
| ) | | |
| Defendant. ) | | |

**DEFENDANT ALBANY BANK & TRUST COMPANY N.A.'S
ANSWER TO PLAINTIFF'S COMPLAINT-CLASS ACTION**

Defendant Albany Bank & Trust Company, N.A. (hereinafter "Albany Bank"), by and through its undersigned counsel of record, for its Answer to Plaintiff's Complaint, states as follows:

1.   Plaintiff, Mendel Mendelovits, brings this action to recover damages for improper credit practices engaged in by defendant Albany Bank & Trust Company, N.A.

**ANSWER:**   To the extent the allegations of Paragraph 1 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 1, and accordingly denies same.

JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1693m (Electronic Funds Transfer Act), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:**   Albany Bank admits this Court has jurisdiction over the claims alleged in the Complaint.

3. Venue is proper in this district because defendant is located here and all events at issue occurred here.

**ANSWER:** Albany Bank admits venue is proper in this District.

## PARTIES

4. Plaintiff is a resident of New York.

**ANSWER:** Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 4, and accordingly denies same.

5. Defendant is a bank with its principal offices at 3400 W. Lawrence Avenue, Chicago, IL 60625.

**ANSWER:** Albany Bank admits it is a national association with its principal offices at 3400 W. Lawrence Avenue, Chicago, IL 60625.

## FACTS

6. Defendant operates an automated teller machine (ATM) at 800 S. Michigan Avenue, Chicago, Illinois.

**ANSWER:** Albany Bank admits the allegations contained in Paragraph 6.

7. The ATM is located in a hotel.

**ANSWER:** Albany Bank admits the allegations in Paragraph 7.

8. On June 22, 2008, plaintiff used the ATM.

**ANSWER:** Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 8, and accordingly denies same.

9. Plaintiff is not a regular customer of defendant.

**ANSWER:** Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 9, and accordingly denies same.

10. The ATM is posted with a notice stating that the fee for use by a noncustomer of defendant is $2.

**ANSWER:** Albany Bank denies the allegations contained in Paragraph 10.

11.     The machine charged plaintiff $3, not $2. A redacted copy of the receipt issued to plaintiff is attached as Exhibit A.

**ANSWER:**     Albany Bank admits that plaintiff attached, as Exhibit A, a redacted copy of a receipt which purports to show Plaintiff was charged a $3 fee for using the ATM described above.  Albany Bank is without information sufficient to admit or deny the remaining allegations of Paragraph 11, and accordingly denies same.

12.     As of July 3, 2008, the notice on the ATM continued to misrepresent that the fee was $2.

**ANSWER:**     Albany Bank denies the allegations of Paragraph 12 to the extent the on-screen notice for this ATM accurately disclosed a $3 fee.

13.     Exhibit B is a picture of the notice taken on July 3, 2008.

**ANSWER:**     Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 13, and accordingly denies same.

VIOLATIONS COMPLAINED OF

14.     The Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E, 12 C.F.R. § 205.15, require an ATM operator such as defendant to provide "notice" to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such fee.

**ANSWER:**     To the extent the allegations of Paragraph 14 state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Albany Bank states that U.S.C. §1693b(d), and Regulation E, 12 C.F.R. §205.15 speak for themselves and deny the allegations of Paragraph 14 to the extent inconsistent with the statute and regulation.

15.     A notice or disclosure which is false is no "notice."

**ANSWER:**     The allegations of Paragraph 15 state a legal conclusion, thus no response thereto is required.  To the extent a response is deemed to be required, Albany Bank states that

U.S.C. §1693b(d), and Regulation E, 12 C.F.R. §205.15 speak for themselves and deny the allegations of Paragraph 15 to the extent inconsistent with the statute and regulation.

16. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**ANSWER:** To the extent the allegations of Paragraph 16 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank states that U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), speak for themselves and deny the allegations of Paragraph 16 to the extent inconsistent with the statute and regulation.

## CLASS ALLEGATIONS

17. Plaintiff brings suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

**ANSWER:** To the extent the allegations of Paragraph 17 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank only admits that Plaintiff filed a Complaint which includes class allegations.

18. The class consists of (a) all persons (b) who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action (c) were charged a fee in excess of $2 for use of defendant's ATM at 800 S. Michigan, Chicago, Illinois, (d) while the outside of the ATM was posted with a sign stating that the fee was $2.

**ANSWER:** To the extent the allegations of Paragraph 18 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 18, and accordingly denies same.

19. The number of class members is so numerous that joinder is impracticable.

**ANSWER:** To the extent the allegations of Paragraph 19 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank admits the allegations of Paragraph 19.

20. On information and belief, there are more than 50 persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action were charged a fee in excess of $2 for use of defendant's ATM at 800 S. Michigan, Chicago, Illinois, while the ATM was posted with a sign stating that the fee was $2.

**ANSWER:** Albany Bank admits the allegations of Paragraph 20.

21. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The common questions include:

    a. Whether defendant's ATM was posted with a fee of $2.
    b. Whether defendant's ATM charged in excess of $2.
    c. Whether defendant violated the EFTA.

**ANSWER:** To the extent the allegations of Paragraph 21 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank admits that the questions identified are common questions, but denies that these are the only questions affecting individual class members and denies the remaining allegations contained in Paragraph 21.

22. Plaintiffs claims are typical of the claims of the class members. All are based on the same facts and legal theories.

**ANSWER:** To the extent the allegations of Paragraph 22 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 22, and accordingly denies same.

23. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class action and consumer credit litigation.

**ANSWER:** To the extent the allegations of Paragraph 23 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank is without information sufficient to admit or deny the allegations of Paragraph 23, and accordingly denies same.

24. A class action is superior to other available methods for the full and efficient adjudication of the controversy. Individual actions are not economically feasible.

**ANSWER:** To the extent the allegations of Paragraph 24 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Albany Bank denies the allegations contained in Paragraph 24.

WHEREFORE, Defendant Albany Bank & Trust Company, N.A., prays that the Court dismiss the Complaint and award Albany Bank & Trust Company, N.A. such other relief as the Court deems just and appropriate.

Dated: August 21, 2008                               Respectfully submitted,

                                                     **ALBANY BANK & TRUST COMPANY, N. A.**

                                                     By:   /s/  Paul T. Fox
                                                            One of Its Attorneys

Paul T. Fox (A.R.D.C. No. 3121741)
Tanisha R. Jones (A.R.D.C. No. 6283173)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel. (312) 456-8400
Fax (312) 456-8435

6

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served the foregoing DEFENDANT ALBANY BANK & TRUST COMPANY N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT-CLASS ACTION upon all counsel of record, via the ECF filing system on this 21st day of August, 2008.

/s/     Paul T. Fox